UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE KARAS**

————————————————————X

WANDA SANCHEZ,

Plaintiff,

**12 CV** Docket No. **4219**

-against-

**Notice of Removal**

SPA CASTLE, INC.,

Defendant.

————————————————————X

The Petitioner, SPA CASTLE, INC., defendants in the above entitled action, by their attorneys, WHITE, FLEISCHNER & FINO, LLP, respectfully shows this Court:

1.     The petitioners are named defendants in the instant action.

2.     This action was commenced by the service of a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Bronx, on or about June 16, 2011.  Annexed hereto as **Exhibit "A"** is a copy of this pleading along with the Affidavit of Service for the same.

3.     Petitioners served an Answer to Plaintiffs' Complaint on October 27, 2011. Annexed hereto as **Exhibit "B"** is a copy of Petitioner's Answer.

4.     Plaintiff in the above captioned matter claims to have sustained personal injuries on July 20, 2009, when she slipped and fell on or near premises commonly known as Spa Castle, allegedly owned or operated by petitioners. See, **Exhibit "A"**.

5.     Plaintiff alleges severe personal injury as a result of the alleged accident. **Exhibit "A"**.

6.     Plaintiff's Complaint alleges $2,000,000.00 in damages. **Exhibit "A"**.

7.     This Court has original jurisdiction of this civil action pursuant to 28 USC §1332 because there is complete diversity in the matter and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

8.    Petitioner SPA CASTLE, INC. is a New York corporation with a principal place of business in New York.

9.    Notwithstanding the fact that Plaintiff's complaint indicated that she was a resident of the County of the Bronx in the City and State of New York, (**Exhibit "A"**), Plaintiff served a Bill of Particulars indicating that she was a resident of the City of Houston in the State of Texas (Annexed hereto as **Exhibit "C"** is a copy of Plaintiff's Bill of Particulars). On April 13, 2012, this office served a Notice to Admit upon Plaintiff seeking to clear up this discrepancy. Annexed hereto as **Exhibit "D"** is a copy of Defendant's Notice to Admit. As Plaintiff has failed to respond to the aforementioned Notice to Admit within the time prescribed by New York State Civil Practice Law and Rules Section 3123, the allegation that Plaintiff was a resident of Houston, Texas at the time of filing has been deemed admitted.

WHEREFORE, petitioners pray that the instant action now pending before the Supreme Court of the State of New York, County of Bronx, be removed therefrom to the United States District Court for the Southern District of New York and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
          May 28, 2012

                                        Yours, etc.,

                                        WHITE FLEISCHNER & FINO, LLP

                                        By: _____
                                              Daniel M. Stewart (DS 7989)
                                        Attorneys for Defendant
                                        **SPA CASTLE, INC.**
                                        61 Broadway - 18th Floor
                                        New York, New York 10006
                                        (212) 487-9700
                                        Our File No.: 451-15921

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
==========================================

WANDA SANCHEZ,

                              Plaintiff,          Index No.: 3 0 4 5 8 3 |11

              -against-                            VERIFIED COMPLAINT

SPA CASTLE INC.                                   MAY 23 2011

                        Defendant
==========================================

      Plaintiff, **WANDA SANCHEZ**, by her attorneys, LAW OFFICE OF

JOHN C. DEARIE, complaining of the Defendant, respectfully alleges, upon

information and belief:

    1.    That at all the times hereinafter alleged, **WANDA SANCHEZ**, was a

resident of the County of BRONX, City and State of New York.

    2.    That the cause of action alleged herein arose in the County of

Queens, City and State of New York.

    3.    That at all times hereinafter mentioned, defendant, **SPA CASTLE**

**INC.** was and is a domestic corporation authorized to do and doing business in

the State of New York.

    4.    That on or about March 27, 2011, and at all times herein

mentioned, defendant SPA CASTLE INC. owned the premises located at 131-10

11 Avenue, College Point, New York, City and State of New York.

plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid premises and in particular the external stairways and steps to be, become and remain in a defective, unsafe and dangerous condition, and were further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

13. That by reason of the foregoing and the negligence of the defendants, the plaintiff, WANDA SANCHEZ, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

14. That by reason of the foregoing, the plaintiff, WANDA SANCHEZ, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, WANDA SANCHEZ, will necessarily incur similar expenses.

15. That by reason of the foregoing, the plaintiff, WANDA SANCHEZ, has been unable to attend to her usual occupation in the manner required.

16. That one or more of the provisions of §1602 of the Civil Practice Law and Rules do apply to the within action.

17. That as a result of the foregoing, the plaintiff, WANDA SANCHEZ, sustained damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

Attorneys for Plaintiff
515 Madison Avenue
New York, New York 10022
(212) 980-0404

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
————————————————————————X

WANDA SANCHEZ,

                                Plaintiff,                        Index No.: 304583/11

           -against-                                **VERIFIED ANSWER**

SPA CASTLE, INC.,

                          Defendant.
————————————————————————X

       Defendant, SPA CASTLE, INC., by its attorneys, WHITE FLEISCHNER & FINO, LLP, as and for its answer to the plaintiff's verified complaint, respectfully alleges:

       1.      Denies each and every allegation set forth in paragraphs numbered "4", "11", "12", "13", "14", "15", and "17".

       2.      Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "1", "2", "9", and "10".

       3.      Upon information and belief denies those allegations set forth in paragraphs numbered "5", and "7".

       4.      Denies each and every allegation set forth in paragraphs numbered "16" and leaves all matters of law to the honorable court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

       5.      Pursuant to CPLR Article 16, the liability of defendant, SPA CASTLE, INC., to the plaintiff herein for non-economic loss is limited to defendant, SPA CASTLE INC.'s, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

       6.      That by entering into the activity in which the plaintiff(s) was engaged at the

time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.      Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources.   Any award made to plaintiff shall be reduced in accordance with the provisions of CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.      Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant.   But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.      The risks and dangers, if any, were open, obvious, notorious, and apparent.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10.     Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff failed to mitigate damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12.     That this answering Defendant was without notice of any of the purported conditions alleged in the various complaints.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13.     That the defendant, SPA CASTLE, INC., exercised reasonable care in the management and operation of the premises in question.

### AS AN DFOR A TENTH AFFIRMATIVE DEFENSE

14.     The premises in question conformed with all applicable rules, regulations, standards and requirements formulated and/or in effect at the time of the alleged accident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15.     That the plaintiff failed to use safety devices available to the plaintiff at the time of the events alleged in the plaintiff's complaint and the plaintiff's failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

16.     The risk, defect and/or danger, if any, was trivial.

WHEREFORE, defendant, SPA CASTLE, INC., demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated:      New York, New York
            October 27, 2011

                                    Yours, etc.,

                                    WHITE FLEISCHNER & FINO, LLP

                                    By: _____
                                          DANIEL M. STEWART
                                    Attorneys for Defendant
                                    SPA CASTLE, INC.
                                    61 Broadway - 18th Floor
                                    New York, New York 10006
                                    (212) 487-9700
                                    Our File No.: 451-15921

TO:      (See Attached Affidavit)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

WANDA SANCHEZ,

                 Plaintiff,

      -against-

SPA CASTLE, INC.,

                Defendant

                                     VERIFIED BILL
                                     OF PARTICULARS

                                     Index No. 304583/11

Plaintiff by her attorneys, JOHN C. DEARIE & ASSOCIATES, as and for a

Verified Bill of Particulars as to defendant SPA CASTLE, INC, allege(s) as follows:

      1.      Plaintiff's date of birth is April 16, 1959.  Plaintiff's social security

number is 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.  Plaintiff resides at 3503 Ashfield Drive, Houston, Texas 77082.

      2.      The accident occurred on March 27, 2011 at approximately 1:00 P.M.

The weather was sunny at time of accident.

      3.      The accident occurred at Spa Castle located at 131-10 11 Avenue, College

Point, County of Queens, City and State of New York, in particular, the external pool

area on the third floor.

      4.      Plaintiff suffered the following injuries as a result of this incident:

           **Right Shoulder, torn ligament**

           **Right Shoulder, torn cartilage**

           **Right Shoulder arthroscopic rotator cuff repair**

           **Tendinosis versus longitudinal split in long biceps tendon.**

That the injuries to the right shoulder were caused, precipitated and/or activated by the accident. These injuries are permanent and lasting in their nature and character, with permanent effects of pain, swelling, loss of motion, disability, loss of proper use, atrophy, anxiety, depression, and mental anguish. The injuries are subject to exacerbation and are highly susceptible to re-injury.

That the aforesaid injuries to plaintiff will be permanent and that, as a result thereof, she will have permanent pain, discomfort, limitation of motion, limitation and loss of function, power and use, stiffness, irritation, tenderness and soreness to and about the said injured parts and areas.

That the aforesaid injuries to plaintiff will be permanent and that, as a result thereof, said plaintiff will have permanent scarring, blemishing and disfigurements.

That the injured areas and regions are stiff and sore. That plaintiff has pains, discomfort, limitation of motion, limitation and loss of function, power and use to and about the aforementioned areas and regions and that use of said areas and regions causes aches and pains and the area is sensitive to pressure, palpation, sudden twist and manipulation. That use of said areas and regions causes tiredness and fatigue.

That the foregoing injuries directly affected the skin, bones, tendons, tissues, nerves, muscles, joints, blood vessels and ligaments of the injured parts, produced functional and organic disturbances, sympathetic and radiating to and about the adjacent and surrounding areas, as well as soft tissue damage.

That the injuries above mentioned and to the adjacent and surrounding areas hereinabove mentioned and each of the effects of these injuries as herein above mentioned are permanent.

possession, supervision, repair and control of the Spa Castle premises located at 131-10 11th Ave. College Point, County of Queens, City and State of New York 11356, in particular, the external pool area on the third floor.

in the following manner: in maintaining the aforesaid premises in a dangerous and defective condition; in failing to properly maintain the public areas; in that they allowed the public areas to become obstructed; in that they allowed the aforesaid dangerous conditions to continue and exist after due notice and knowledge thereof; in failing to warn persons thereon of the dangerous and defective condition; in failing to repair, clean and/or remove the aforesaid dangerous and defective condition; and in failing to give plaintiff safe passageway through their premises, all to the detriment and injury of the plaintiff. That upon information and belief, the defendants, their agents, servants and/or employees, on the aforesaid date or prior thereto, knew of the unsafe and dangerous conditions and same had existed for a long enough period of time that, had they exercised reasonable care, they could have and should have known of the condition in time to make the premises safe before the accident alleged in this complaint occurred.

There was water on the floor without mats.


d.- e.   Actual notice is claimed in that the dangerous and defective condition was caused, created, maintained, permitted, known, observed, continued and allowed to remain by the defendants. Despite such notice for a sufficient period of time, in total disregard of the remedy the condition. When, to and by whom actual notice was given is more particularly within the knowledge of the defendants and is the subject of further

discovery proceedings. The plaintiff reserves the right to supplement this response upon further discovery.

f.      Constructive notice is claimed in that the defective and dangerous condition complained of existed for such an unreasonable length of time, that, had the defendants exercised reasonable inspection, observation and care, they knew or should have known of its existence and remedied the same. Constructive notice is also claimed in that defendants, their agents, servants and/or employees should have known that the condition which caused the accident herein was a recurrent condition; and prior notice of the aforementioned condition is constructive notice of each recurrence of said condition. The plaintiff reserves the right to supplement this response upon further discovery.

g.      This demand is evidentiary in nature. Furthermore, plaintiff is unaware of any changes or repairs made prior to the incident. Defendants would have said information.

20.     Not Applicable

21.     This demand is evidentiary in nature. Furthermore, Defendants would be in the best position to provide such information.

22.     Undetermined at this time. The Court shall take judicial notice of statutes, rules and/or regulations germane to this matter.

23.     Plaintiff was married at time of accident.

24.     Plaintiffs spouse Thomas Keienburg, resides at 177 Carroll Street, Bronx, New York 10464.

25.     Not Applicable

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE KARAS**

---------------------------------------------------------------X

WANDA SANCHEZ,

                              Plaintiff,         **12 CV** Docket No. **4219**

          -against-                              **Notice of Removal**

SPA CASTLE, INC.,

                              Defendant.

---------------------------------------------------------------X

      The Petitioner, SPA CASTLE, INC., defendants in the above entitled action, by their attorneys, WHITE, FLEISCHNER & FINO, LLP, respectfully shows this Court:

    1.    The petitioners are named defendants in the instant action.

    2.    This action was commenced by the service of a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Bronx, on or about June 16, 2011. Annexed hereto as **Exhibit "A"** is a copy of this pleading along with the Affidavit of Service for the same.

    3.    Petitioners served an Answer to Plaintiffs' Complaint on October 27, 2011. Annexed hereto as **Exhibit "B"** is a copy of Petitioner's Answer.

    4.    Plaintiff in the above captioned matter claims to have sustained personal injuries on July 20, 2009, when she slipped and fell on or near premises commonly known as Spa Castle, allegedly owned or operated by petitioners. See, **Exhibit "A"**.

    5.    Plaintiff alleges severe personal injury as a result of the alleged accident. **Exhibit "A"**.

    6.    Plaintiff's Complaint alleges $2,000,000.00 in damages. **Exhibit "A"**.

    7.    This Court has original jurisdiction of this civil action pursuant to 28 USC §1332 because there is complete diversity in the matter and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

8.      Petitioner SPA CASTLE, INC. is a New York corporation with a principal place of business in New York.

9.      Notwithstanding the fact that Plaintiff's complaint indicated that she was a resident of the County of the Bronx in the City and State of New York, (**Exhibit "A"**), Plaintiff served a Bill of Particulars indicating that she was a resident of the City of Houston in the State of Texas (Annexed hereto as **Exhibit "C"** is a copy of Plaintiff's Bill of Particulars). On April 13, 2012, this office served a Notice to Admit upon Plaintiff seeking to clear up this discrepancy. Annexed hereto as **Exhibit "D"** is a copy of Defendant's Notice to Admit. As Plaintiff has failed to respond to the aforementioned Notice to Admit within the time prescribed by New York State Civil Practice Law and Rules Section 3123, the allegation that Plaintiff was a resident of Houston, Texas at the time of filing has been deemed admitted.

WHEREFORE, petitioners pray that the instant action now pending before the Supreme Court of the State of New York, County of Bronx, be removed therefrom to the United States District Court for the Southern District of New York and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 28, 2012

                                   Yours, etc.,

                                   WHITE FLEISCHNER & FINO, LLP

                                   By: _____
                                       Daniel M. Stewart (DS 7989)
                                   Attorneys for Defendant
                                   **SPA CASTLE, INC.**
                                   61 Broadway - 18th Floor
                                   New York, New York 10006
                                   (212) 487-9700
                                   Our File No.: 451-15921

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
=====================================
WANDA SANCHEZ,

                         Plaintiff,                    Index No.:  3 0 4 5 8 3 | 11

                                                       VERIFIED COMPLAINT

         -against-

SPA CASTLE INC.                                        MAY 2 3 2011

                         Defendant
=====================================

         Plaintiff, **WANDA SANCHEZ**, by her attorneys, LAW OFFICE OF

JOHN C. DEARIE, complaining of the Defendant, respectfully alleges, upon

information and belief:

         1.       That at all the times hereinafter alleged, **WANDA SANCHEZ**, was a

resident of the County of BRONX, City and State of New York.

         2.       That the cause of action alleged herein arose in the County of

Queens, City and State of New York.

         3.       That at all times hereinafter mentioned, defendant, **SPA CASTLE**

**INC.** was and is a domestic corporation authorized to do and doing business in

the State of New York.

         4.       That on or about March 27, 2011, and at all times herein

mentioned, defendant **SPA CASTLE INC.** owned the premises located at 131-10

11 Avenue, College Point, New York, City and State of New York.

5.   That on or about March 27, 2011, and at all times herein mentioned, the aforesaid premises were operated by defendant **SPA CASTLE INC..**

6.   That on or about March 27, 2011, and at all times herein mentioned, the aforesaid premises were managed by defendant **SPA CASTLE INC..**

7.   That on or about March 27, 2011, and at all times herein mentioned, the aforesaid premises were controlled by defendant **SPA CASTLE INC..**

8.   That on or about March 27, 2011, and at all times herein mentioned, the aforesaid premises were maintained by defendant **SPA CASTLE INC..**

9.   That on or about March 27, 2011, the plaintiff **WANDA SANCHEZ** was lawfully on the aforesaid premises.

10.   That on or about March 27, 2011, while the plaintiff **WANDA SANCHEZ** was on the aforesaid premises, she was caused to slip and/or trip and fall.

11.   That the aforesaid accident and the injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in that the defendants owned, operated, maintained, managed and controlled the aforesaid premises, without the plaintiff in any way contributing thereto.

12.   That the defendants were herein negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and to this

plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid premises and in particular the external stairways and steps to be, become and remain in a defective, unsafe and dangerous condition, and were further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

13.    That by reason of the foregoing and the negligence of the defendants, the plaintiff, WANDA SANCHEZ, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

14.    That by reason of the foregoing, the plaintiff, WANDA SANCHEZ, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, WANDA SANCHEZ, will necessarily incur similar expenses.

15.    That by reason of the foregoing, the plaintiff, WANDA SANCHEZ, has been unable to attend to her usual occupation in the manner required.

16.    That one or more of the provisions of §1602 of the Civil Practice Law and Rules do apply to the within action.

17.    That as a result of the foregoing, the plaintiff, WANDA SANCHEZ, sustained damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

Attorneys for Plaintiff
515 Madison Avenue
New York, New York 10022
(212) 980-0404

Form 07 - CORPORATION                                                                        TM

JOHN C DEARIE ESQ    JOHN C DEARIE ESQ
SUPREME COURT BRONX COUNTY STATE OF NEW YORK
-----------------------------------------------------
                                                        index No. 304583/11
WANDA SANCHEZ                                           Date Filed
                                          PLAINTIFF
                              - vs -
SPA CASTLE INC.                                         Office No.
                                          DEFENDANT     Court Date.
-----------------------------------------------------
              STATE OF NEW YORK, COUNTY OF NEW YORK :SS:

**DEBBIE CRUZ** being duly sworn, deposes and says; I am over 18 years of age, not a party to
this action, and reside in the State of New York. That on the **15TH** day of **JUNE, 2011 3:35 PM**
at
        **131-10 11TH AVENUE**
        **COLLEGE POINT NY 11356**
I served a true copy of the **SUMMONS AND VERIFIED COMPLAINT**,
upon **SPA CASTLE INC.**
a domestic corporation, the **DEFENDANT** therein named by delivering to, and leaving personally
with
**(JOHN SMITH), MANAGING AGENT WHO REFUSED TRUE NAME**
a true copy of each thereof.
                    Deponent describes the person served as aforesaid to the best of
deponent's ability at the time and circumstances of the service as follows.

              SEX: **MALE**   COLOR: **ASIAN** HAIR: **BLACK**
              APP.AGE: 30 APP. HT: **5/7** APP. WT: **140**
              OTHER IDENTIFYING FEATURES


COMMENTS:

Sworn to before me this
16TH day of JUNE, 2011


BRETT GOLUB
Notary Public, NASSAU COUNTY
 01G06129491
Qualified in NASSAU COUNTY
Commission Expires 06/27/2013

DEBBIE CRUZ 1282011
AETNA JUDICIAL SERVICE INC
225 BROADWAY, SUITE 1802
NEW YORK, NY, 10007
Reference No: 3-JCD-144726

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

———————————————————————————X

WANDA SANCHEZ,

        Plaintiff,       Index No.: 304583/11

    -against-          **VERIFIED ANSWER**

SPA CASTLE, INC.,

        Defendant.

———————————————————————————X

   Defendant, SPA CASTLE, INC., by its attorneys, WHITE FLEISCHNER & FINO, LLP, as and for its answer to the plaintiff's verified complaint, respectfully alleges:

   1.  Denies each and every allegation set forth in paragraphs numbered "4", "11", "12", "13", "14", "15", and "17".

   2.  Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "1", "2", "9", and "10".

   3.  Upon information and belief denies those allegations set forth in paragraphs numbered "5", and "7".

   4.  Denies each and every allegation set forth in paragraphs numbered "16" and leaves all matters of law to the honorable court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

   5.  Pursuant to CPLR Article 16, the liability of defendant, SPA CASTLE, INC., to the plaintiff herein for non-economic loss is limited to defendant, SPA CASTLE INC.'s, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

   6.  That by entering into the activity in which the plaintiff(s) was engaged at the

time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.      Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources.   Any award made to plaintiff shall be reduced in accordance with the provisions of CPLR 4545(c).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.      Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant.   But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.      The risks and dangers, if any, were open, obvious, notorious, and apparent.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10.     Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff failed to mitigate damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12.     That this answering Defendant was without notice of any of the purported conditions alleged in the various complaints.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13.     That the defendant, SPA CASTLE, INC., exercised reasonable care in the management and operation of the premises in question.

### AS AN DFOR A TENTH AFFIRMATIVE DEFENSE

14.     The premises in question conformed with all applicable rules, regulations, standards and requirements formulated and/or in effect at the time of the alleged accident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15.     That the plaintiff failed to use safety devices available to the plaintiff at the time of the events alleged in the plaintiff's complaint and the plaintiff's failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

16.     The risk, defect and/or danger, if any, was trivial.

WHEREFORE, defendant, SPA CASTLE, INC., demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated:        New York, New York
              October 27, 2011

                                        Yours, etc.,

                                        WHITE FLEISCHNER & FINO, LLP

                                        By:

                                             DANIEL M. STEWART
                                        Attorneys for Defendant
                                        SPA CASTLE, INC.
                                        61 Broadway - 18th Floor
                                        New York, New York 10006
                                        (212) 487-9700
                                        Our File No.: 451-15921

TO:     (See Attached Affidavit)

STATE OF NEW YORK      )
COUNTY OF NEW YORK  ) ss:

DANIEL M. STEWART, being duly sworn, deposes and says:

That he is the attorney for the defendant in the within action; that he has read the within Answer and knows the contents thereof, and that same is true to his) own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That the sources of his) information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent and not by defendant is that the defendant is not within the county where deponent has his office.

DANIEL M. STEWART

Sworn to before me this
27th day of October, 2011

WENDY A. JANTZ
Notary Public, State of New York
No. 01JA5038412
Qualified in Richmond County
Commission Expires January 23, 20__

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Wendy Jantz, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Staten Island, New York.

That on October 27, 2011, deponent served the within **VERIFIED ANSWER,** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:

TO:

Law Office of John C. Dearie
Attorneys for Plaintiff
515 Madison Avenue
New York, New York 10022
212-980-0404

Wendy Jantz

Sworn to before me this
27th day of October, 2011

JESSICA C. INGLES
Notary Public, State of New York
No. 01IN6234667
Qualified in Queens County
Commission Expires January 24, 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

WANDA SANCHEZ,

                             Plaintiff,

              -against-

SPA CASTLE, INC.,

                           Defendant

VERIFIED BILL
OF PARTICULARS

Index No. 304583/11

Plaintiff by her attorneys, JOHN C. DEARIE & ASSOCIATES, as and for a

Verified Bill of Particulars as to defendant SPA CASTLE, INC, allege(s) as follows:

      1.     Plaintiff's date of birth is April 16, 1959.  Plaintiff's social security

number is 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.  Plaintiff resides at 3503 Ashfield Drive, Houston, Texas 77082.

      2.     The accident occurred on March 27, 2011 at approximately 1:00 P.M.

The weather was sunny at time of accident.

      3.     The accident occurred at Spa Castle located at 131-10 11 Avenue, College

Point, County of Queens, City and State of New York, in particular, the external pool

area on the third floor.

      4.     Plaintiff suffered the following injuries as a result of this incident:

        **Right Shoulder, torn ligament**

        **Right Shoulder, torn cartilage**

        **Right Shoulder arthroscopic rotator cuff repair**

        **Tendinosis versus longitudinal split in long biceps tendon.**

That the injuries to the right shoulder were caused, precipitated and/or activated by the accident. These injuries are permanent and lasting in their nature and character, with permanent effects of pain, swelling, loss of motion, disability, loss of proper use, atrophy, anxiety, depression, and mental anguish. The injuries are subject to exacerbation and are highly susceptible to re-injury.

That the aforesaid injuries to plaintiff will be permanent and that, as a result thereof, she will have permanent pain, discomfort, limitation of motion, limitation and loss of function, power and use, stiffness, irritation, tenderness and soreness to and about the said injured parts and areas.

That the aforesaid injuries to plaintiff will be permanent and that, as a result thereof, said plaintiff will have permanent scarring, blemishing and disfigurements.

That the injured areas and regions are stiff and sore. That plaintiff has pains, discomfort, limitation of motion, limitation and loss of function, power and use to and about the aforementioned areas and regions and that use of said areas and regions causes aches and pains and the area is sensitive to pressure, palpation, sudden twist and manipulation. That use of said areas and regions causes tiredness and fatigue.

That the foregoing injuries directly affected the skin, bones, tendons, tissues, nerves, muscles, joints, blood vessels and ligaments of the injured parts, produced functional and organic disturbances, sympathetic and radiating to and about the adjacent and surrounding areas, as well as soft tissue damage.

That the injuries above mentioned and to the adjacent and surrounding areas hereinabove mentioned and each of the effects of these injuries as herein above mentioned are permanent.

possession, supervision, repair and control of the Spa Castle premises located at 131-10 11th Ave. College Point, County of Queens, City and State of New York 11356, in particular, the external pool area on the third floor.

in the following manner: in maintaining the aforesaid premises in a dangerous and defective condition; in failing to properly maintain the public areas; in that they allowed the public areas to become obstructed; in that they allowed the aforesaid dangerous conditions to continue and exist after due notice and knowledge thereof; in failing to warn persons thereon of the dangerous and defective condition; in failing to repair, clean and/or remove the aforesaid dangerous and defective condition; and in failing to give plaintiff safe passageway through their premises, all to the detriment and injury of the plaintiff. That upon information and belief, the defendants, their agents, servants and/or employees, on the aforesaid date or prior thereto, knew of the unsafe and dangerous conditions and same had existed for a long enough period of time that, had they exercised reasonable care, they could have and should have known of the condition in time to make the premises safe before the accident alleged in this complaint occurred.

There was water on the floor without mats.


d.- e.   Actual notice is claimed in that the dangerous and defective condition was caused, created, maintained, permitted, known, observed, continued and allowed to remain by the defendants. Despite such notice for a sufficient period of time, in total disregard of the remedy the condition. When, to and by whom actual notice was given is more particularly within the knowledge of the defendants and is the subject of further

discovery proceedings.  The plaintiff reserves the right to supplement this response upon further discovery.

f.    Constructive notice is claimed in that the defective and dangerous condition complained of existed for such an unreasonable length of time, that, had the defendants exercised reasonable inspection, observation and care, they knew or should have known of its existence and remedied the same.  Constructive notice is also claimed in that defendants, their agents, servants and/or employees should have known that the condition which caused the accident herein was a recurrent condition; and prior notice of the aforementioned condition is constructive notice of each recurrence of said condition.  The plaintiff reserves the right to supplement this response upon further discovery.

g.    This demand is evidentiary in nature.  Furthermore, plaintiff is unaware of any changes or repairs made prior to the incident.  Defendants would have said information.

20.    Not Applicable

21.    This demand is evidentiary in nature.  Furthermore, Defendants would be in the best position to provide such information.

22.    Undetermined at this time.  The Court shall take judicial notice of statutes, rules and/or regulations germane to this matter.

23.    Plaintiff was married at time of accident.

24.    Plaintiffs spouse Thomas Keienburg, resides at 177 Carroll Street, Bronx, New York 10464.

25.    Not Applicable

PLEASE TAKE FURTHER NOTICE, that the plaintiff reserves the right

to serve an amended and/or supplemental Bill of Particulars in connection with all claims

including those continuing special damages and disabilities.

Dated: New York, New York
      December 20, 2011

                Yours, etc.,
                THE LAW OFFICE OF
                JOHN C. DEARIE & ASSOCIATES


                CASEY FUNDARO, ESQ.
                Attorney for Plaintiff(s)
                515 Madison Avenue
                New York, New York 10022
                212-980-0404


TO:  WHITE FLEISCHNER & FINO, LLP.
        Attorney for Defendant
        61 Broadway – 18th Floor
        New York, NY 10006
        212-487-9700
        File No.: 451-15921

## ATTORNEY'S VERIFICATION

CASEY FUNDARO, ESQ. an attorney duly admitted to the practice of law before the various Courts of the State of New York, hereby affirms, subject to the penalties of perjury:   Affirmant is associated with the Law Office of JOHN C. DEARIE & ASSOCIATES, the attorneys of record for WANDA SANCHEZ named plaintiff in the within action;   Affirmant has read the foregoing BILL OF PARTICULARS and knows the contents thereof, same is true to affirmant's own knowledge except as to the matters therein alleged on information and belief, and that as to those matters alleged on information and belief, affirmant believes them to be true.   Affirmant further says that the reason this verification is made by affirmant and not by the plaintiff is because the said plaintiffs does not reside in the county wherein counsel has his office, to wit, the County of New York.   The grounds of affirmant's believe as to all matters not stated upon affirmant's knowledge are as follows:   the contents of my file.

Dated: New York, New York
        December 20, 2011

_____
Casey Fundaro, Esq.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                          ss.
COUNTY OF NEW YORK )

KIM P. DEMERS, being duly sworn deposes and says:  that she is employed in the office of JOHN C. DEARIE & ASSOCIATES, is over the age of 18 years and not a party to this action.

That on December 20, 2011, she served the annexed **VERIFIED BILL OF PARTICULARS** to:

WHITE FLEISCHNER & FINO, LLP.
Attorney for Defendant
61 Broadway – 18th Floor
New York, NY 10006
212-487-9700
File No.: 451-15921

By depositing a true copies therewith in a Post Office Box regularly maintained by the Government of the United States and under the care of the Postmaster of the County of New York Post Office, New York, enclosed in a securely closed wrapper with the postage prepaid, addressed to said attorneys at the address(es) noted above.  Those being the addresses designated in the last papers served herein by said attorneys.

_Kim P. Demers, Esq._
KIM P. DEMERS, ESQ.

Sworn to before me this
20th day of December, 2011

_____
Notary Public

ELAINE D CASTILLO
NOTARY PUBLIC STATE OF NEW YORK
BRONX COUNTY
LIC. #01CA6234357
COMM EXP. 1/18/2015

Index No. 304583/11
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

WANDA SANCHEZ,

Plaintiff,

-against-

SPA CASTLE, INC.

Defendant

## VERIFIED BILL OF PARTICULARS

The Law Office of
John C. Dearie & Associates
515 Madison Avenue
New York, New York 10022
212-980-0404

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

————————————————————————X

WANDA SANCHEZ,

                     Plaintiff,                            Index No.: 304583/11

           -against-                               **NOTICE TO**
                                                          **ADMIT**

SPA CASTLE, INC.,

                    Defendant.

————————————————————————X

      PLEASE TAKE NOTICE that, pursuant to Section 3123 of the New York Civil Practice Law and Rules, defendant SPA CASTLE, INC., through their attorneys, hereby demand from plaintiff WANDA SANCHEZ, that each of the matters for which an admission is requested shall be deemed admitted unless within 20 days of service hereof, or within such further time as the Court may allow, plaintiff WANDA SANCHEZ serves a sworn statement either denying specifically the matters of which an admission is requested, or sets forth in detail the reasons why such party cannot truthfully admit or deny those matters.

      PLEASE TAKE FURTHER NOTICE that, if any party does not admit, and defendants thereafter prove, the genuineness of any such paper or document, or the truth of any such matter of fact, defendants will move at the time of trial or immediately following the trial for an order requiring such party to pay the reasonable expenses incurred in making such proof, including reasonable attorney's fees.

STATE OF NEW YORK      )
                              ss:
COUNTY OF NEW YORK  )


Dina Mehmeti, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside Staten Island, New York.

That on April 13, 2012, deponent served the within **NOTICE TO ADMIT** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:

TO:

Casey Fundaro, Esq.
Law Office of John C. Dearie
Attorneys for Plaintiff
515 Madison Avenue
New York, New York 10022
212-980-0404


                                               _____
                                               Dina Mehmeti


Sworn to before me this
13th day of April 2012

_____
Notary Public

JULIA N. BRYANT
Notary Public, State of New York
No. 01BR5077402
Qualified in King County
Commission Expires May 5, 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

WANDA SANCHEZ,

                       Plaintiff,

         -against-

SPA CASTLE, INC.,

                    Defendant.

---

### NOTICE TO ADMIT

---

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT, SPA CASTLE, INC.*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**
**(212) 487-9700**

---

*To:*
*Attorney(s) for*

---

*Service of a copy of the within*        is hereby admitted.
*Dated:*

                             .........................
                             *Attorney(s) for*

---

*PLEASE TAKE NOTICE*

☐    *that the within is a (certified) true copy of a*
     *entered in the office of the clerk of the within named Court on*
NOTICE OF
ENTRY

☐    *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
     *one of the judges of the within named Court, at , on , at  .*
NOTICE OF
SETTLEMENT

*Dated:*

                 **WHITE FLEISCHNER & FINO, LLP**
          *Attorneys for DEFENDANT, SPA CASTLE, INC.*
                    **61 BROADWAY**
               **NEW YORK, N.Y. 10006**
                 **(212) 487-9700**